USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
VITOL S.A.,

                Plaintiff,

  - against -

IMAD OIL AND GAS LTD.,

                Defendant.
------------------------------------------------X

09 CV 8450
ECF CASE

## ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING PROCESS SERVER

**WHEREAS**, on October 5, 2009 Plaintiff, VITOL S.A., filed a Verified Complaint in the captioned action seeking damages of **USD$2,222,852.70** [handwritten: $2,122,517.48] inclusive of interest, costs and reasonable attorneys' fees, and praying for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and,

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit of Lauren C. Davies dated October 5, 2009 and finds that the conditions of Supplemental Admiralty Rule B appear to exist, and

**WHEREAS**, Plaintiff has moved for an Order pursuant to Fed.R.Civ.P. 4(c)(3) and Supplemental Admiralty Rule B(1)(d)(ii) appointing Lauren C. Davies or any other person appointed by Lauren C. Davies who is over 18 years of age and is not a party to this action, to serve Process of Maritime Attachment and Garnishment in this matter, and it appearing that such appointment will result in substantial economies in time and expense, it is hereby

1

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for Defendant by any garnishee identified in Schedule A to this order, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, including but not limited to electronic fund transfers originated by, payable to, or otherwise for the benefit of Defendant, in an amount of up to USD$~~2,422,852.70~~ 2,122,577.48 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED,** that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED,** that any person at least 18 years of age and not a party to this action employed with or appointed by Lauren C. Davies be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order and on such additional garnishees as so permitted herein; and it is further,

**ORDERED,** that supplemental process specifying other or additional garnishees and enforcing the Court's Order may be issued by the Clerk without further Order of the Court; and it is further,

**ORDERED,** that initial service by the United States Marshal or other designated process server shall be made personally upon each garnishee, provided however that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), any garnishee may consent in writing to accept such initial service by other means, including facsimile, e-mail, or other verifiable electronic means. The

2

consent of the garnishee may be manifested in the garnishee's rules, policies or other instructions regarding service. Service shall be deemed made within the District if a natural person within the Circuit causes the service to be transmitted to a garnishee having an office within the District; and it is further,

**ORDERED,** that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon each garnishee; and it is further,

**ORDERED,** that following initial service as described above, supplemental service of the Process of Maritime Attachment and Garnishment may be made by way of facsimile transmission or e-mail to a fax number or e-mail address designated by the garnishee for that purpose or by other means consented to by the garnishee pursuant to Fed. R. Civ. P. 5(b)(2)(E) and/or (F). Such consent may be manifested in writing the garnishee's rules, policies or other instructions regarding service; and it is further,

**ORDERED,** that service on any garnishee as described herein is deemed to be effective and continuous (i) throughout the remainder of the day of service from the time of such service and (ii) through the start of the next business day, ~~provided another service is made during the next business day; and it is further~~,

**ORDERED,** that any garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise the Plaintiff of such details about the attachment as are reasonably available to it. With respect to the attachment of an electronic funds transfer, the garnishee shall, to the extent known, advise counsel for the Plaintiff of the following details: (1) amount of funds attached, (2) the exact name of the originator and beneficiary as reflected in the wire transfer information, (3) any

3

available details about the purpose of the transfer (e.g., contained in the wire transfer documentation). The requirement for providing information shall be satisfied if the garnishee furnishes to the Plaintiff the payment order for the funds; and it is further,

~~ORDERED, that if this action has been filed under seal, such sealing shall expire, except for good cause shown by plaintiff, 30 days from the date of the issuance of this Order, at which time plaintiff's counsel shall file an unsealed copy of the Verified Complaint and this Order with the Clerk of Court; and it is further,~~

**ORDERED**, that this Order shall automatically expire 120 days from the date of its issuance, except that the Order shall not expire in respect of any funds attached during that period. Moreover, this Order may be extended for up to an additional 90 days upon a showing of good cause by plaintiff, provided that where at least some funds have been attached within the first 120 days, such extension shall be freely given. Such application for an extension may be made by letter application. Further 90-day extensions may be granted in the discretion of the Court, but only upon a showing by plaintiff of extraordinary circumstances; and it is further,

**ORDERED**, that in the event funds are attached pursuant to this Order, such attachment shall automatically expire 60 days thereafter unless plaintiff advises the Court by letter within that time of the particulars of such attachment and either confirms that it has commenced proceedings or arbitration on the merits of the claims underlying the attachment or shows good cause why it has not done so; and it is further,

**ORDERED**, that upon expiration or vacatur of this Order by reason of the two preceding paragraphs, this Action may be dismissed without prejudice, without costs, and without further notice to any party.

Oct 6, 2009

So ordered

4

# SCHEDULE A

1. ABN Amro
2. Bank of America
3. Bank of New York
4. Citibank
5. Deutsche Bank
6. Deutsche Bank Trust Company
7. HSBC Bank USA Bank
8. JP Morgan Chase Manhattan Bank
9. Standard Chartered Bank
10. Wachovia Bank N.A.